A. G. OTIS AND R. L. PEASE v. CLIFTON W. CARPENTER, MERCHANTS' SAVINGS BANK OF PROVIDENCE, MINERVA GREENLEE, MARY HOOD GREENLEE, JAMES W. GREENLEE, AND H. M. JACKSON.

### No. 713.* ( 62 Pac. 535.)

TAXATION—*Ejectment—Lien for Taxes.* Where parties who already hold a tax-sale certificate upon certain real property purchase at sheriff's sale upon foreclosure an undivided one-fourth interest therein, with the duty imposed of paying the delinquent

---

* Petition for order to certify denied by supreme court December 3, 1900.—REP.

taxes thereon, but, instead of redeeming the property from said tax sale, transfer the sale certificate to a third party, and in his name take out a tax deed and pay subsequent taxes thereon, and the title under said sheriff's sale afterward fails by reason of prior liens, *held*, that, upon the failure to recover said property in a suit of ejectment by said tax-deed holder, he is entitled to the same liens for taxes paid as the original tax-certificate holders would have had if they had redeemed the property from the tax sale.

Error from Atchison district court; W. T. BLAND, judge. Opinion filed October 25, 1900. Affirmed.

*Jackson & Jackson,* for plaintiffs in error.

*P. Hayes,* and *B. F. Hudson,* for defendants in error.

The opinion of the court was delivered by

WELLS, J. : This action was originally begun by the defendant in error Clifton W. Carpenter to recover the possession of a half lot in the city of Atchison, claiming title thereto by reason of a certain tax deed. The tax deed was found to be void, and Carpenter demanded that the taxes paid under the tax certificate and deed in his name be declared a lien on said lot. Thereupon the court made findings. of fact and conclusions of law, and adjudged that the title to the undivided one-fourth interest in said half lot claimed by the Merchants' Savings Bank of Providence was in the defendant in error H. M. Jackson ; that the title to the undivided one-half of said property was in A. G. Otis and R. L. Pease, and that the other undivided one-fourth thereof belonged to the defendants in error Greenlees. From the findings of fact we summarize the following in relation to the claim for taxes : Said half lot was subject to taxation for the year 1893, and the taxes thereon being unpaid, the property was sold on September 4, 1894, to the Merchants' Savings Bank

of Providence. On September 7, 1897, the certificate of said sale was presented to the county treasurer, with an assignment thereon to Clifton W. Carpenter, and said assignment entered of record. On the same day a tax deed was issued thereon in the name of said Carpenter and was duly recorded. Said assignment of the tax-sale certificate, payments of taxes, procuring and recording tax deed and the beginning of this suit were all done by the bank at its own expense and for its own use and benefit, without the knowledge or consent of the said Clifton W. Carpenter, for the purpose of getting the title to said property in Carpenter for the use and benefit of the bank, but he afterward ratified said action and consented that the case should proceed in his name.

On November 4, 1891, Charles R. King recovered a judgment of foreclosure of a mortgage against said undivided one-fourth of said property, and the decree therein provided that upon sale being made the costs should be first paid; second, the delinquent taxes on said property, and the balance applied on the judgment. The said King was not the real party in interest as plaintiff in said suit, but the Merchants' Savings Bank was the owner of the mortgage debt. The property was sold under the decree on December 23, 1895, to the bank, for $700, but no payment was actually made except the costs, amounting to $58.30. The sale was confirmed on January 11, 1896, and a deed made to the purchaser, and since said date the bank has received the rents and profits thereof, amounting to $274.23, and a receiver appointed in another case has now in his hands $169.83 as rent for said property due to the bank. The title of the bank to the property failed by reason of its having been sold under prior liens. The taxes, charges and costs paid

by the bank upon the half lot, with interest up to December 23, 1895, the time of the sheriff's sale to the bank, at the rate of fifteen per cent. per annum, with six per cent. interest from that date upon said sum, and the taxes subsequently paid at the same rate of interest to January 7, 1899, the date of judgment, amount to $847.67. The court adjudged that the plaintiff have a lien upon the one-half interest owned by Otis and Pease for $423.83½ and upon the one-fourth interest owned by the Greenlees for $211.91¾.

It is first contended by the plaintiffs in error that, as the defendant in error Clifton W. Carpenter, who was the plaintiff in the district court, was not the real party in interest, he cannot recover a lien for the taxes paid by another party; while the defendants in error insist that no such question was raised by the pleadings, and therefore it cannot be considered here. The Merchants' Savings Bank had a right, with his consent, to convey its interest in the tax-sale certificate or deed to Carpenter, and his ratification amounts to the same as an original consent, and, under the circumstances of this case, Carpenter is entitled to the same rights as the bank would have, had it never made the transfer but paid the taxes and taken the deed in its own name. We answer the first three questions of the plaintiffs in error in the affirmative.

The next question is, What would have been the rights of the bank had the transfer to Carpenter not been made? Evidently the same as if it had performed its duty and redeemed said property from the tax sale. It would have had an equitable claim against the other owners for their respective shares of the taxes paid, and said sums would have drawn interest at six per cent. thereafter until paid. This is, as we understand the case, the view that the trial court

Insurance Co. v. O'Farrell.

took of the law, and the judgment is affirmed; and it is adjudged that one-half of the costs of this court be taxed to the plaintiffs in error and the other half thereof to the said Clifton W. Carpenter under his cross-petition in error.